IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS

---X
)
COUNTRY CURTAINS MAIL ORDER, INC. )
)
Plaintiff, )
) CIVIL ACTION NO.:
vs. )
) 05-30166-KPN
MARK WHITE d/b/a )
WESTERN BEDDING )
TIMBERLINE GROUP ) FILING FEE PAID:
) RECEIPT # 305998
) AMOUNT $ 250.00
Defendant. ) BY DPTY CLK MCL
---X DATE 7/14/05

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FOR UNFAIR TRADE PRACTICES AND VIOLATION OF THE LAWS OF MASSACHUSETTS

1. Plaintiff, Country Curtains Mail Order, Inc. is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with a principle place of business at Main Street, Stockbridge, Massachusetts 01262-0955.

2. Upon information and belief, Defendant, Mark White d/b/a Western Bedding, a Timberline Group, is a citizen of the State of Montana, with a place of business at 4040 Heeb, Manhattan, Montana 59741. On information and belief, Mark White is a Registered Principal for Timberline Group, ID #A085575 registered under the Montana Code with the Montana Secretary of State.

1

3. This action for infringement of a federally registered trademark, unfair competition and false designation of origin arising under the Trademark Act of 1946 (15 U.S.C. § 1051-1127) and for the violation of the laws of the Commonwealth of Massachusetts, Chapter 93(a) Sections 1-11 for Unfair Business Practices. The Court has jurisdiction of this infringement action of Federally Registered Trademarks pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a) and 1333(b) and venue pursuant to 28 U.S.C. §1391. There is diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds Fifty Thousand Dollars ($50,000) exclusive of interest and costs.

## PLAINTIFF'S LONG USE OF THE FAMOUS "COUNTRY CURTAINS" TRADEMARK IN MASSACHUSETTS AND ELSEWHERE

4. For almost half a century, since 1959, the Plaintiff has continuously used its federally registered trademark COUNTRY CURTAINS in connection with the advertising and sale of curtains in the Commonwealth of Massachusetts and elsewhere.

5. The Plaintiff, Country Curtains Mail Order, Inc.'s product line over the past 45 years has greatly expanded and now includes a broad line of curtains for sale to the general consumer in Massachusetts and elsewhere under its trademark COUNTRY CURTAINS.

6. Plaintiff's initial use of its trademark COUNTRY CURTAINS for curtains from its place of business in Stockbridge, Massachusetts where it became famous in the Commonwealth of Massachusetts as a trademark for Plaintiff's curtains.

7. Plaintiff's use of its trademark COUNTRY CURTAINS originated in Stockbridge, Massachusetts in 1959 and its 45 years of continuous use are largely for sales from Stockbridge, Massachusetts or other places in Massachusetts.

8. Plaintiff's intellectual property rights to its trademark COUNTRY CURTAINS arises from its primary use as a trademark for sales of curtains from its business in Stockbridge, Massachusetts for over the last 45 years.

9. The Plaintiff, Country Curtains Mail Order, Inc.'s product line over the past 45 years has greatly expanded, and now in addition to curtains includes retail store services and mail-order catalog services in the field of curtains, bedspreads, quilts, pillows, tablecloths and related goods.

10. Plaintiff has registered its trademark COUNTRY CURTAINS in the United States Patent and Trademark Office for curtains and for retail store and mail-order services as evidenced by the attached copies of such registrations.

| Registration No. 1,037,506 | Registered: | April 6, 1976 | Goods<br>Curtains |
|---|---|---|---|
| Registration No. 2,073,434 | Registered: | June 24, 1997 | Services<br>retail store service and mail-order catalog services in the field of curtains, bedspreads, quilts, pillows, tablecloths and related goods. |

11. The above registrations are presently owned by Plaintiff, and are subsisting and in good standing, unrevoked and uncancelled and incontestable. The registrations are prima facie evidence of the Plaintiff's ownership of the mark shown

3

therein, the validity thereof, and the Plaintiff's exclusive right to use such mark in interstate commerce for the goods and services set forth therein. Further, the registrations are constructive notice of the Plaintiff's claim of ownership of the trademark therein and of the Federal registration covering the same, pursuant to the provisions of Section 22 of the Trademark Act of 1946. (US U.S.C. §1072.

12. Since 1959, the Plaintiff has spent large sums of money in promoting and advertising its COUNTRY CURTAIN mark throughout Massachusetts and elsewhere in connection with its business, its products and its services through the usual media, including newspapers, magazines, business publications and its internet website.

13. As a result of Plaintiff's extensive use and advertising of its trademark COUNTRY CURTAINS throughout Massachusetts and elsewhere, COUNTRY CURTAINS has become well known and famous as a badge of origin of the Plaintiff and of the Plaintiff's goods; it is distinctive of the Plaintiff and its goods; and it represents substantial good will in the Commonwealth of Massachusetts and elsewhere.

14. Since long prior to any of the acts of Defendant complained of in this Complaint, Plaintiff's curtains have become and are now known and recognized in the Commonwealth of Massachusetts and elsewhere by the mark COUNTRY CURTAINS by which Plaintiff's goods are known to the public and by which their source or origin is identified.

## COUNT I - TRADEMARK INFRINGEMENT
## ILLEGAL ACTS OF
## DEFENDANT COMPLAINED OF

15. On information and belief, the Defendant has used and is now using in commerce without the consent of Plaintiff a colorable imitation of Plaintiff's COUNTRY CURTAINS mark in connection with advertising and sale of identical products, namely, curtains in Massachusetts and elsewhere.

16. On information and belief, Defendant has adopted Plaintiff's well known trademark COUNTRY CURTAINS for the sale and offering for sale of curtain products with full knowledge of Plaintiff's goods and services sold in Massachusetts and elsewhere. Such adoption and use was long after Plaintiff's COUNTRY CURTAINS mark had become well known and famous throughout Massachusetts and elsewhere in the United States.

17. The Defendant's use of Plaintiff's well known trademark COUNTRY CURTAINS is likely to cause mistake and deception of purchasers as to the source or origin of said goods and services in that persons are likely to believe that the Defendant is legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

18. On information and belief, the defendant willfully adopted and commenced using COUNTRY CURTAINS for the wrongful purposes of trading upon, misappropriating and benefiting from the Plaintiff's previously acquired reputation and good will in its COUNTRY CURTAINS mark in Massachusetts and elsewhere.

19. The Defendant's use of COUNTRY CURTAINS in connection with their business in Massachusetts or elsewhere is a fraudulent business practice and permits the Defendant to undertake misleading advertising and representations, thereby unfairly competing with Plaintiff.

20. The Defendant's aforesaid use of COUNTRY CURTAINS constitutes a colorable imitation of the Plaintiff's previously used and registered COUNTRY CURTAINS identical trademark, and infringes Plaintiff's rights under the trademark laws of the United States, under the common law and under the laws of the Commonwealth of Massachusetts.

21. The Plaintiff has given and continues to give the public and the Defendant notice of its registrations of the aforesaid mark as provided for in Section 29 of the Trademark Act of 1946. (15 U.S.C. §1111).

22. The Defendant's use of COUNTY CURTAINS in connection with their business of selling and delivering its curtains in Massachusetts and elsewhere is without the permission of Plaintiff, and Plaintiff has objected in writing to the Defendant's use of COUNTRY CURTAINS, but the Defendant has continued to use this colorable imitation of Plaintiff's mark in connection with its business.

23. The Defendant's aforesaid conduct is causing immediate and irreparable injury and damage to the Plaintiff in Massachusetts and elsewhere and will continue to cause irreparable injury and damage to the Plaintiff unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff

seeks injunctive relief whereby Defendant is estopped from any further use of the mark and from use of any confusing derivative thereof.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

24.  As a complete and further ground for relief against the Defendant, Plaintiff hereby charges false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a) and hereby repeats and realleges paragraphs 1-23 hereof as though fully recited herein.

25.  Plaintiff alleges that Defendant's use of the trademark COUNTRY CURTAINS in connection with its business of advertising, offering for sale and sale of curtains in Massachusetts and elsewhere has caused and will continue to cause false designations to enter commerce, all to the Plaintiff's damage and irreparable injury unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law. Additionally, by engaging in the activities described herein, Defendant has made, and is making false, deceptive and misleading statements constituting unfair competition, false representations, false designations of origin and false advertising made in connection with services distributed in interstate commerce in violation of 15 USC §1125(a)(1)(A). Such conduct on the part of Defendant is a willful intent to trade on the Plaintiff's reputation and good will.

## COUNT III
## DILUTION UNDER 15 USC. §1125(c)

26.  As a complete and further ground for relief against the Defendant, Plaintiff hereby charges dilution under 15 USC. §1125(c) and hereby repeats and realleges paragraphs 1-25 hereof as though fully recited herein.

(a)  Plaintiff's mark is famous. That is the mark has a high degree of distinctiveness, the mark has been used in the Commonwealth of Massachusetts and in interstate commerce for over 45 years, the mark has been advertised and is well known by the public in the Commonwealth of Massachusetts and elsewhere. The mark is used throughout the Commonwealth of Massachusetts and the United States in a wide variety of channels of trade, the mark has a wide degree of recognition in its respective trading areas and channels of trade, and the mark is registered with the United States Patent and Trademark Office. Defendant's use of the mark began after the mark had become famous in the Commonwealth of Massachusetts and Defendant's use as described hereinabove has caused or is substantially likely to cause dilution of the distinctive quality of the mark. Such dilution was willful on the part of the Defendant.

(b)  Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff in the Commonwealth of Massachusetts and to the goods and services and goodwill represented thereby in an amount that cannot be ascertained at this time, and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

(c)  By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant and to recover attorney's fees and any damages proven to have been caused by reason of Defendant's aforesaid acts of unfair competition and false designation of origin.

## COUNT IV

## VIOLATION OF MASSACHUSETTS UNFAIR BUSINESS PRACTICE ACT

27. As a complete and further ground for relief against the Defendant, Plaintiff hereby charges violation of Massachusetts unfair business practice act and hereby repeats and realleges paragraph 1-26 hereof as though fully recited herein.

28. Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff and to the goods and services and goodwill represented thereby in an amount that cannot be ascertained at this time, and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

29. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant and to recover attorneys fees and any damages proven to have been caused by reason of Defendant's aforesaid acts of unfair competition and false designation of origin.

30. As a complete and further ground for relief against the Defendant, Plaintiff hereby charges Defendant with unfair methods of competition and deceptive acts in the conduct of trade in the advertising and sale of curtains in Massachusetts in violation of the General Laws of Massachusetts Chapter 93A Regulation of Business Practices for Consumer Protection and hereby repeats and realleges paragraphs 1-26 hereof as though fully recited herein.

31. Defendant is using Plaintiff's mark in a manner that misappropriates Plaintiff's goodwill in the mark. Such actions constitute an unfair method of

competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

32.  Defendant's participation in these unfair and deceptive acts has occurred within the Commonwealth of Massachusetts.

33.  By engaging in the activities described above in the Commonwealth of Massachusetts, Defendant has engaged in an unfair method of competition and unfair and deceptive acts or practices in violation of M.G.L. c. 93A, §11;

WHEREFORE, Plaintiff prays that this Court will:

1.  Grant an injunction enjoining the Defendant Mark White and his agents, servants, employees, and such other persons in active concert or participation with him who receive actual notice of the Order by personal service or otherwise, and each of them, from infringing Plaintiff's COUNTRY CURTAINS trademark, from unfairly competing with Plaintiff, and from falsely designating the origin of Defendant's products in Massachusetts and elsewhere, and specifically from:

(a)  the continued use of COUNTRY CURTAINS by itself or in combination or in connection with other symbols, letters or terms in connection with his business in Massachusetts or elsewhere;

(b)  making in any manner whatsoever any statement or representation that is likely to lead the public to believe that either the Defendant or its business are associated or connected with, approved or sponsored or licensed or authorized or franchised by Plaintiff in Massachusetts or elsewhere;

(c) any other acts which infringe plaintiff's registered trademark or which constitute unfair competition with Plaintiff.

2. Require Defendant to deliver up for destruction all labels sign, prints, packages, wrappers, receptacles, advertisements and all other material in their possession bearing COUNTRY CURTAINS in any way, or any reproduction, counterfeit, copy or colorable imitation thereof; as well as require Defendant to deliver up for destruction all plate, molds matrices, and other means for making the same.

3. Require the Defendant within thirty (30) days after the service of the injunction on them to file with the Court a report in writing under oath setting forth in detail the manner and form in which said Defendant has complied with the injunction.

4. That Defendant account to Plaintiff for Defendant's profits arising from the foregoing acts of dilution, infringement, false designation of origin, and unfair competition.

5. That pursuant to 15 USC §1117(a) and (b), Plaintiff be awarded three times the greater of:

    A. Plaintiff's damages in an amount to be awarded at trial; or

    B. Defendant's profits in the accounting demanded in the preceding paragraph;

6. That Plaintiff have and recover its costs, including its reasonable attorney's fees and disbursements in this action, pursuant to 15 USC §1117(a).

7. That, pursuant to M.G.L. c. 93A, §11, Plaintiff be awarded double or treble damages, attorney's fees and costs.

8. Grant to Plaintiff such further relief as may be just and proper.

_(signature)_

Michael K. Callan, Esq.
Doherty, Wallace, Pillsbury and
 Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900
(413) 733-3111
BBO # 558912

Of Counsel:

        ATTORNEYS FOR PLAINTIFF

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,073,434
Registered June 24, 1997

## SERVICE MARK
PRINCIPAL REGISTER

## COUNTRY CURTAINS

COUNTRY CURTAINS, INC. (MASSACHUSETTS CORPORATION)
MAIN STREET
STOCKBRIDGE, MA 012620955

FOR: RETAIL STORE SERVICES AND MAIL-ORDER CATALOG SERVICES IN THE FIELD OF CURTAINS, BEDSPREADS, QUILTS, PILLOWS, TABLECLOTHS AND RELATED GOODS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-0-1956; IN COMMERCE 6-0-1956.
OWNER OF U.S. REG. NO. 1,037,506.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CURTAINS", APART FROM THE MARK AS SHOWN.

SER. NO. 75-056,151, FILED 2-12-1996.

LEIGH CAROLINE CASE, EXAMINING ATTORNEY

Int. Cl.: 24

Prior U.S. Cl.: 39

## United States Patent Office

Reg. No. 1,037,506
Registered Apr. 6, 1976

## TRADEMARK
Principal Register

## COUNTRY CURTAINS

Country Curtains, Inc. (Massachusetts corporation)
Main St.
Stockbridge, Mass. 01262

For: CURTAINS, in CLASS 24 (U.S. CL. 39).
First use July 5, 1959; in commerce July 5, 1959.
No claim is made to exclusive use of "Curtains" apart from the mark as shown in the drawing.

Ser. No. 37,125, filed Nov. 14, 1974.

B. DENNISON, Examiner

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
COUNTRY CURTAINS MAIL ORDER, INC.

**DEFENDANTS**
WHITE, MARK

(b) County of Residence of First Listed Plaintiff  **Berkshire**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  (413)733-3111
Michael K. Callan, Doherty, Wallace,
P & M, P.C., 1414 Main St., Spfld., MA 01144

Attorneys (If Known)
**05-30166-KPN**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC, § 1051-1127
Brief description of cause: This action for infringement of a federally registered trademark unfair competition and false designation of origin.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ -
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
n/a
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  7-13-05
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **COUNTRY CURTAINS MAIL ORDER, INC. V. MARK WHITE**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05 - 30166 - KPN**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   **NA**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [X]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   **NA**
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Michael K. Callan**
ADDRESS  **1414 Main Street, 19th Floor, Springfield, MA 01144**
TELEPHONE NO.  **(413) 733-3111**

(CategoryForm.wpd - 5/2/05)